DAVID LA TOURRETTE *vs.* JULIA M. PRICE, administratrix, &c.

At least as great strictness is required in order to create a liability by a new promise, made to pay a debt discharged in bankruptcy, as is necessary in the case of a new promise to pay a debt barred by the statute of limitations. The promise must be at least as clear and unqualified in the former as in the latter case.

It is a principle well settled, that a promise " to pay when able," a debt barred by the statute of limitations or by a certificate under the bankrupt law, is not an absolute, but a conditional promise, and it lies with the plaintiff to prove the defendant able to pay.

The promise made in this case, " when it is in my power, or soon as I can arrange to do so, I will do what I can both in regard to this particular claim, and all others against me," shows clearly that no absolute and unqualified promise had been made.

IN error from the circuit court of Hinds county; Hon. Richard Barnett, judge.

The facts of the case are sufficiently set forth in the opinion of the court.

*Freeman* and *Dixon*, for appellant.

Plaintiff requested the court to instruct the jury as follows, namely : " That if they believe from the evidence, that C. M. Price, the defendant, made the payment on the note as indorsed in his handwriting, and then, or at any other time within six

years before the commencement of this suit, and since the discharge in bankruptcy of C. M. Price, he, Price, recognized the debt and promised to pay it, then the jury will find for the plaintiff;" which the court refused to give, and which is here assigned as error.

The debt of a discharged bankrupt remains due in conscience by him, and is a sufficient consideration for a new promise to pay the debt. *Scoutton* v. *Eislord,* 7 Johns. R. 36; *Truman* v. *Fenton,* Cowp. R. 544.

A positive promise to pay the debt after the discharge, is binding upon the party making the promise. *McKinley* v. *O'Keyson,* 5 Barr, R. 369; *Brown* v. *Collier,* 8 Humph. R. 510.

The above authorities are conclusive to show the error of the court in the refusal to grant the instruction as above.

*Potter,* for appellee.

We say there is no proof that the promise was made to plaintiff; nothing to show the promise was made to Davenport, as agent of plaintiff, and therefore no cause of action in him. If any one could sue, it was Davenport. *Moore* v. *Viele,* 4 Wend. R. 242; *Dupuy* v. *Smart,* 3 Ib. 135; *Walbridge* v. *Hanoon,* 18 Verm. R. 450.

As to Taylor, there is no pretence to say he proves a promise made to plaintiff or his agent. It has been decided that a discharge in bankruptcy annihilates the debt, so that the bankrupt is "under no obligation in equity or good conscience to pay the debt, so as to raise a consideration for the subsequent promise." *Payne* v. *Eden,* 3 Caines, R. 217.

Other cases hold that the debt is annihilated, extinguished by the discharge. *Ruckman* v. *Rowell,* 1 Comst. R. 505; *White* v. *Cushing,* 30 Maine R. 267. The latter case holds that such debt so discharged, is no consideration for a promise.

This court has differed on the effect of a new promise in *Rice* v. *Maxwell,* and *M'Willie* v. *Kirkpatrick.* In a previous case there was a strong intimation against a recovery on such promise, and an express declaration that, if it was allowed, much greater strictness of proof would be required here than

was exacted by other courts. *Prewett* v. *Caruthers,* 12 S. & M. R. 491.

Upon the whole case, then, I think the verdict correct, even though this court shall adhere to the decision in *M' Willie's case.* If a debt is extinct, it seems vain to say there is an obligation of any kind existing to pay it; and such, as I understand, this court has held in relation to debts once due to defunct corporations. Certainly the decisions on those claims go far to affirm the doctrine in *Rice* v. *Maxwell.* The decisions on cases arising under acts of limitation are not in point, for no court holds that the effect of such statutes is to extinguish debts. The language of our bankrupt act is much stronger than that of the English statutes of bankruptcy, and decisions upon the latter are of little weight, being rather impertinent to the matter in controversy here.

See further, as to the correct rule where a new promise is relied on, 1 Peters, R. 371; *Carson* v. *Osborn,* 10 B. Monroe, R. 155.

If the court is satisfied that justice has been done, though there be error in some particular, it will affirm the judgment.

Mr. Justice HANDY delivered the opinion of the court.

The question upon which this case depends is, whether the promise of the defendant's intestate was so unqualified as to amount to a new and absolute promise to pay the debt sued for, the same having been previously discharged by his bankruptcy.

The proof of the new promise is, that the witness Davenport called on the intestate, after his discharge as a bankrupt, and demanded payment of the note, and that the intestate " promised to pay it as soon as he could arrange to do so." The letters of the intestate are to the same effect; and the testimony of the witness Taylor, which might be taken to show an absolute promise, has reference to the promise made directly to Davenport and mentioned in his deposition, and must be presumed to be more accurately stated by him.

There can be no doubt but that there is at least as great

La Tourrette *v.* Price.

strictness required in order to create a liability by a new promise made to pay a debt discharged in bankruptcy, as is necessary in the case of a new promise to pay a debt barred by the statute of limitations. The promise must be at least as clear and unqualified in the former case as in the latter.

In the latter class of cases, a qualified promise is not sufficient to prevent the bar of the statute. In *Tanner* v. *Smart*, 6 B. & C. 603, the defendant said, " I cannot pay the debt at present, but I will pay it as soon as I can;" and it was decided, that as no proof was given of the defendant's ability to pay, the statute barred the action, because the promise was not absolute, but qualified. The same principle was held in *Scales* v. *Jacob*, 3 Bing. 638.

The same rule has been applied to promises made by bankrupts. In *Besford* v. *Saunders*, 2 H. Black. 116, the defendant, on being applied to for payment of the debt after his discharge, admitted the debt and said " the plaintiff should be no loser, but that he would pay when he was able." This was held to be a conditional promise, and that the plaintiff ought to have shown that the defendant was able to pay. *Fleming* v. *Hayne*, 1 Stark. 370. In *Scoutton* v. *Eislord*, 7 I. R. 37, the court say : " It has been repeatedly held, and seems now to be a settled principle, that a promise to pay when able a debt barred by the statute of limitations, or by a certificate under the bankrupt law, is not an absolute, but a conditional promise, and it lay with the plaintiff to prove the defendant able."

This case comes fully within these principles; for the promise to pay as soon as he could arrange to do so, could not amount to more than a promise to pay when he was able. And the true intent of the promise is clearly shown by the two letters of the intestate in relation to the promise offered in evidence. In the first he expresses his regret " that he has been unable to make any arrangement so as to be able to offer a proposition for the liquidation of the debt," and says, " you may rest assured that I will not fail to do what may be in my power to arrange this matter as soon as I can." In the second letter he expresses his regret that Davenport had made any representations to the plaintiff on his promises, and after stating the

reasons why he had been unable to pay the debt in a particular way, he says, " when it is in my power, I will do what I can, both in regard to this particular claim and all others against me." All this evidence goes clearly to show that no absolute and unqualified promise to pay had been made.

The testimony of Taylor consists of an admission by counsel that Taylor would prove that the note sued on was presented to the intestate at the time referred to by Davenport; that the intestate admitted the indebtedness, and promised to pay it in the latter part of the spring of that year; and that the intestate made a payment at that time, which was indorsed on the note.

Giving to this evidence all the force to which it can be entitled, it was still for the jury to determine whether the promise was absolute or conditional, taking all the evidence into consideration; and it was proper for the court to instruct the jury (as was done in the second instruction given at the instance of the defendant), that the liability of the defendant depended upon the question whether the promise was intended to be absolute or conditional. Under this instruction, we have no doubt but that the verdict is in accordance with the evidence, and, there being no evidence that the contingency upon which the promise was to take effect had happened, that the plaintiff was not entitled to recover.

The judgment is affirmed.